**David K. MEHL, et al., Plaintiffs,**

v.

**Lou BLANAS, individually and in his official capacity as Sheriff of County of Sacramento, et al., Defendants.**

No. 2:03–cv–2682–MCE–KJM.

United States District Court, E.D. California.

March 27, 2007.

Gary William Gorski, Law Offices of Gary W. Gorski, Fair Oaks, CA, Daniel M. Karalash, Law Offices of Dan Karalash, Sacramento, CA, for Plaintiffs.

Jeri Lynn Pappone, John Andrej Lavra, Longyear O'Dea and Lavra, Sacramento, CA, for Defendants.

## ORDER ON REQUEST FOR RECONSIDERATION

ENGLAND, District Judge.

Through the present action, Plaintiffs David K. Mehl, *et al.* ("Plaintiffs") allege Defendants Blanas *et al.* ("Defendants") violated the United States Constitution's guarantees of equal protection and freedom of association; the privileges and immunities clause of the Fourteenth Amendment; the "right to self preservation" Plaintiffs argue is guaranteed by the Ninth Amendment; and the right to keep and bear arms guaranteed by the Second and Fourteenth Amendments. Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.

Plaintiffs allege that Defendants have sole discretion in the issuance of permits to carry concealed weapons ("CCWs") within the County of Sacramento, California. Plaintiffs further allege that Defendants maintained a longstanding practice of issuing CCWs to persons who donated money to the Craig, Blanas, and McGinnis campaigns for Sheriff of Sacramento County. In addition according to Plaintiffs, Defendants simultaneously were denying CCWs to deserving applicants who did not contribute campaign funds. Plaintiffs also argue that California Penal Code sections 12027, 12031(b), and 12050–12054 are unconstitutional because they give preference to judges and honorably retired peace officers in the issuance of CCWs.

Now before the Court is Defendants' Motion for Reconsideration of a December 1, 2006 Order issued by Magistrate Judge Kimberly J. Mueller (hereinafter "Magistrate Judge"). For the reasons set forth below, Defendants' Motion to Reconsider is granted.[1]

## BACKGROUND

Plaintiffs David K. Mehl, *et al.* are persons who applied for a CCW in the County of Sacramento, followed the procedure set forth by the Sheriff's Department, and were denied. Defendant Blanas is the former Sheriff of Sacramento County.

Also named Defendants in this action are the County of Sacramento and its Sheriff's Department.

Defendants seek modification of the Magistrate Judge's December 1, 2006 Order ("the Order") regarding a discovery dispute between the Parties.[2] The Order was issued after a lengthy dispute between the parties over their respective responsibilities in the discovery process. The Order resolves some of the disputed issues and requires the parties to submit a revised proposed protective order to govern other parts of the discovery process. Defendants ask the Court to modify those parts of the Order that require production of CCW applications and related confidential documents to Plaintiffs: (1) without removal of the home address, social security number, and other sensitive information of current or former judges, district attorneys and police officers; (2) without removal of information that would identify times and places the applicants would be vulnerable to attack; (3) without removal of information that could be used for identity theft; and (4) without a watermark that was included to prevent the unauthorized re-distribution of the confidential information contained in the CCW applications. Defendants also ask the Court to reconsider those portions of the

---

1. Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78–230(h).

2. The Court previously notified the parties on the record that Judge England currently holds a permit to carry a concealed weapon issued by the Sacramento County Sheriff's Department. This fact has no bearing on the Court's decision in this matter and neither party has requested Judge England recuse himself from this case.

Magistrate Judge's Order that require further responses to Plaintiffs' Interrogatory Eight and Request for Production of Document Twenty–Eight.

Also before the Court is Plaintiffs' Motion to Strike Defendants' Request to Reconsider on ground that the Request does not meet the requirements of the Local Rules. Because Plaintiffs' Motion to Strike is potentially dispositive, the Court will address it first.

## STANDARD

■ In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 72–303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[3] Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).

If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. *Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir.1997).

## ANALYSIS

### 1. Plaintiffs' Motion to Strike

■ In response to Defendants' request, Plaintiffs filed a Motion to Strike on the ground that the request does not comply with Eastern District Local Rule 78–230(k) and it therefore, "must be stricken as it is just another delay tactic." Pls.' Mot. to Strike (12/11/2006) at 2. Plaintiffs failed to notice that Rule 78–230 applies when a District Court is called upon to reconsider its own decision in a matter. Rule 78–230 has

no application where, as here, a District Court is asked to reconsider an order by a magistrate judge. E.D. Cal. Local Rule 72–303(e). Accordingly, the requirements of Rule 78–230 do not apply in the instant case and Plaintiffs' Motion to Strike is denied.

### 2. Production of Documents containing Judicial and Law Enforcement Confidential Information

■ The Federal Rules of Civil Procedure provide that a court may make any order limiting discovery which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). A party must show good cause for a protective order. *Id.* For good cause to exist, the party seeking protection from public disclosure of documents and information produced during discovery bears the burden of showing that specific prejudice or harm will result if no protective order is granted.

■ *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002). Under Rule 26(c), "[i]f a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211.

Defendants first request reconsideration of the Magistrate Judge's Order denying Defendants' Motion for a Protective Order authorizing Defendants to remove the home address, home telephone number, Social security number and other sensitive information of persons who are or have been judges, district attorneys, peace officers, or other persons employed in the criminal justice system.

Defendants argue that removal of the information is necessary for the safety of these persons and is consistent with state law exempting this information from public disclosure. Cal. Gov't Code § 6254(u)(2).

3. Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

Plaintiffs respond that they need this information in order to locate and depose possible witnesses, and to determine which of these persons were both political donors and CCW applicants. They point out that the Magistrate Judge's Order restricts the information's use to attorneys' and experts' eyes only.

### A. Specific Prejudice or Harm

Defendants urge this Court to modify the instant order to ensure that sensitive information about criminal justice personnel is removed by the Defendants for the safety of those applicants. Defendants point out that this information is privileged from disclosure to the public pursuant to California Government Code section 6254(u). Defendants correctly contend that the statute evidences California's recognition of the applicant's interest in maintaining the confidentiality of this information.

Defendants argue that the release of this sensitive information, even under the Magistrate Judge's Order, could lead to its ultimate disclosure to the public. Given the advent of the internet, were this information disclosed to the public, it would likely become widely available to anyone with a home computer. Disgruntled former litigants and arrestees could thus locate the information. Disclosure of this information threatens to subject judicial and law enforcement officers to heightened risk of attacks upon themselves or their families at their place of residence and elsewhere.

This threat implicates the very reason that this sensitive information is exempt from public disclosure under California law; to prevent these public servants and their families from suffering a retaliatory attack because of their constant contact with California's most violent, uncontrollable, and unpredictable residents.

Disclosure of this information also endangers the security of numerous highly sensitive computer systems. Dates and places of birth, social security numbers, and mother's maiden names are precisely the kind of information that many high-security systems use to verify the identity of authorized users. From personal bank accounts to sensitive criminal justice computer systems, disclosure of this information threatens to provide access to a variety of secure systems. Accordingly, Defendants have met their burden of demonstrating a specific harm from public disclosure exists in this case. It is of note that this harm is to numerous persons who are not even parties to this litigation.

### B. Balancing the Interests

Having found a specific harm, the Court must now turn to balancing the interests involved to determine if a protective order is necessary. The interests of the non-litigants whose information is to be disclosed is discussed above and must be balanced with the interest of the Plaintiffs and any other interests in this disclosure.

Plaintiffs' counsel responds to the interests of the non-litigants above by asserting that they can be trusted to prevent disclosure of this information to the public pursuant to the Magistrate Judge's Order. Additionally, they allege they need the information to determine which CCWs were given as political kickbacks, and to contact or serve those persons whom they suspect were improperly given CCWs.

In an effort to accommodate Plaintiffs' asserted interest in obtaining the sensitive personal information of all 3,000 CCW applicants, Defendants have offered to forward process to applicants that Plaintiffs seek to contact and notify them that failure to respond to Plaintiffs' requests will result in disclosure of home address, phone number, and other personal information to Plaintiffs' counsel.

Plaintiffs cite *CBS, Inc. v. Block* to assert that all of these records are open to public inspection and public disclosure regardless of the presence of the aforementioned confidential information. 42 Cal.3d 646, 230 Cal. Rptr. 362, 725 P.2d 470 (1986). Plaintiffs' reliance on *CBS* is misplaced. There, the court held that "any information on the applications and licenses that indicate times or places when the licensee is vulnerable to attack may be deleted." *Id.* at 653, 230 Cal.Rptr. 362, 725 P.2d 470. The *CBS* court recognized that the right to public inspection

of these documents is subject to the rights of privacy and safety of the applicants. The *CBS* court acknowledged the interest the public has in ensuring that CCWs are issued impartially, but it did not address the question of the home address and other sensitive information of public servants in the criminal justice setting.

Moreover, recent experience shows that documents produced in the course of litigation may well end up in the hands of the public. Whether these disclosures are made accidentally, by staff with access to an attorney's files, or by an attorney seeking to use public pressure as a litigation tool is of no moment to the affected non-litigants.

■ As drafted, the Magistrate Judge's Order provides disclosure of this information for "attorney's and expert's eyes only." The only safeguard preventing widespread public disclosure of this sensitive personal information is the assurance of Plaintiffs' counsel. The Court does not doubt Plaintiffs' counsel's sincerity. However, balancing the interests involved, the Court finds that a protective order is necessary. The applicants' interest in privacy and the security of their persons and families requires a more stringent safeguard than the assurance of any one litigant.

For the reasons stated above, after considering the record in its entirety the Court has a definite and firm conviction that the Magistrate Judge does not go far enough to provide adequate safeguards to prevent the public disclosure of information which could endanger the lives of judicial and law enforcement personnel. Accordingly, the Court hereby grants Defendants' Motion for a Protective Order.

Defendants may remove the home address and phone number, social security number, date and place of birth, mother's maiden name, and other sensitive information from the confidential documents relating to applications for CCWs submitted by current or former law enforcement and judicial personnel.

Defendants are ordered to include in the place of any removed material, "(REMOVED BY DEFENDANTS)." Additionally, Defendants are ordered to receive and forward

process from the Plaintiff to any persons whose sensitive information has been removed. Defendants are to forward the process to the home address of those persons affected with written notification that failure to respond will result in revelation of the applicants address to Plaintiffs' counsel.

Plaintiffs may, for good cause, move for disclosure of redacted information on an applicant by applicant basis. The Court must narrowly tailor discovery in this case to balance the Plaintiffs' interest in developing their civil suit against the paramount interest each member of the judicial and law enforcement community has in preventing a retaliatory attack by vigilantly guarding the location where they live and other information that could facilitate physical harm to them or their families.

### 3. Production of Information That Would Reveal Vulnerability

Defendants next request that the Court reconsider the Magistrate Judge's denial of Defendants' Motion for a Protective Order permitting the removal of information revealing the times and/or places that a CCW applicant may be vulnerable to attack. Defendants' request is governed by Federal Rule of Civil Procedure 26(c) and the standards set forth in section 2 of this Order.

Defendants again stress the relationship of this information to the safety of CCW applicants. As a part of the application process, applicants are required to reveal the circumstances which create a need for a CCW. In doing so, applicants are likely to reveal information such as times and places where they transport large sums of money from a business to a bank, or the fact that they travel alone at night in a remote area and have been subject to stalking, domestic violence, or other serious threats of victimization.

In the case of a businessperson, disclosure to the public of the times and places when they regularly transport the proceeds of their business would create an opportunity for an exceptionally lucrative robbery and the ensuing temptation to actually rob the applicant. In the case of a stalking or repeat domestic violence victim, revelation of times

or places of vulnerability could lead the applicant's tormentor to a long sought-after opportunity to confront the applicant alone. In either case, avoiding just such a confrontation and possible tragedy is both the reason the applicant sought a CCW and the reason they have a powerful interest in keeping that information strictly confidential.

As stated above in section 2, the internet's ability to make this information widely available and easily found further aggravates the potential harm from disclosure of this information. California has also recognized these persons' interest in the confidentiality of this information, both statutorily and in case law. Cal. Gov't Code § 6254(u)(1); *CBS*, 42 Cal.3d at 653, 230 Cal.Rptr. 362, 725 P.2d 470.

Defendants have again identified a specific harm to non-litigants if this information were disclosed to the public.

The Court must now balance the interests involved in order to determine if a protective order is necessary. Plaintiffs assert that they need this information to independently review the adequacy of the grounds for the issuance of each and every one of the 3000 CCW applications involved. Further they argue that the Magistrate Judge's Order adequately protects the non-litigants' interest.

■ Balancing the interests involved, the Court finds that a protective order is necessary. Plaintiffs' interest is adequately served by other exhaustive discovery in this litigation which does not intrude upon the privacy and security interests of non-litigants as severely as disclosure of this information would.

For the reasons set forth above, after considering the record in its entirety the Court has a definite and firm conviction that the Magistrate Judge did not go far enough to provide adequate by not granting Defendants' request for permission to remove information that will reveal the vulnerability to attack of persons who have applied for a CCW. Accordingly, the Court hereby grants Defendants' Motion for Protective Order. Defendants may remove such information from the CCW applications and related documents disclosed to Plaintiffs. As with sensitive law enforcement and judicial informa-

tion, Defendants' are to include in the place of any removed material, "(REMOVED BY DEFENDANTS)."

Plaintiffs may, for good cause, move for disclosure of redacted information on an applicant by applicant basis.

### 4. Production of Information that Could Lead to Identity Theft

Defendants next request that the Court reconsider the Magistrate Judge's denial of Defendants' Motion for Protective Order permitting the removal of information that could lead to identity theft including social security numbers, driver's license numbers, and dates and places of birth. This request is separate and different from Defendants' request regarding Judicial and Law Enforcement information in section 2 of this Order. Here, Defendants seek to remove information from applications that belong to laypersons. As above, Defendants' request is governed by Federal Rule of Civil Procedure 26(c) and the standards set forth in section 2 of this Order.

Defendants argue that public disclosure of this information creates the risk of subjecting these non-litigants to identity theft. The applications may include social security numbers, dates and places of birth, and mother's maiden names. Public disclosure of this information subjects lay applicants to a heightened risk of fraud if it becomes public. Given the prevalence of identity theft and its far-reaching impact on its victims, Defendants have met their burden of demonstrating a specific harm from public disclosure of this information.

Accordingly, the Court must now balance the interests to determine if a protective order is necessary. Plaintiffs argue that they need this information to locate, contact, and depose potential witnesses in this case. They further argue that this data is necessary in order to compare the list of persons and entities which have donated to the Craig, Blanas, and McGinnis campaigns for Sheriff with the list of persons granted CCWs. However, Defendants are not seeking to remove the address or phone number of persons on the donor lists. This should provide Plaintiffs with the information they need to locate and contact any potential witnesses in this

case. Additionally, removal of social security numbers and other identifying information may cause Plaintiffs to expend more effort in identifying CCW applicants whose companies have donated to the relevant political campaigns, but other discovery in this action will permit them to make such a comparison and to investigate any corporate donations leading to personal benefits. Plaintiffs' actual interest in the information is in convenience in comparing donor lists to CCW applicants. Balancing the interests involved, the Court finds that a protective order is necessary.

■ For the reasons set forth above, after considering the record in its entirety the Court once again finds that the Magistrate Judge did not go far enough to provide adequate by not granting Defendants' request for permission to remove information that will expose CCW applicants to the threat of identity theft if disclosed to the public. Accordingly, the Court hereby grants Defendants' Motion for Protective Order.

Defendants may remove such information from the CCW applications and related documents disclosed to Plaintiffs. Defendants' are to include in the place of any removed material, "(REMOVED BY DEFENDANTS)." Plaintiffs may again, for good cause, move for disclosure of redacted information on an applicant by applicant basis.

### 5. Watermark To Ensure Compliance With Confidentiality Order

Defendants also seek to include a substantial watermark designed to prevent the unlawful reproduction and redistribution of the confidential CCW applications and related documents provided to Plaintiffs. Pursuant to the Magistrate Judge's Order, all such documents produced in the course of this litigation are for attorneys' and experts' eyes only. Neither party has challenged this limitation on the use of these materials. The Magistrate Judge ordered the watermark removed and in its place required a marginal notation of the case number. Because Defendants are again seeking a Protective Order, this request is also governed by Federal Rule of Civil Procedure 26(c) and the standards set forth in section 2 of this Order.

Defendants argue that even the redacted versions of these documents possess information about CCW applicants that is confidential including home addresses, weapons owned, names of current and former family members, and medical and psychiatric histories.

Further, they point out that because of the sheer volume of applications and related documents, it is likely that some information ordered removed will still accidentally be disclosed as part of these documents. Moreover, the Defendants urge that the marginal notation mandated by the Magistrate Judge could easily be removed by anyone with a photocopier. As a result, Defendants contend it does not adequately ensure that these documents will not be disseminated to persons outside of the litigation. As discussed above, Defendants have demonstrated several specific harms that will result if this information is distributed to the public including the invasion of the applicants' privacy and threats to their security.

Plaintiffs argue that inclusion of the watermark makes it difficult to read the documents. Having reviewed a sample of the proposed watermark, the Court finds it has no impact on the readability of the text in the documents. Because it is printed in a hollow letter style, the ability to read the underlying text is unaffected. Balancing the interests involved, the Court finds that a protective order is necessary.

■ For the reasons set forth above, after considering the record in its entirety the Court grants Defendants' request for a Protective Order to include a substantial watermark to prevent a violation of the Order limiting the persons who may view them. Defendants may include the watermark they proposed (Gorski—Do Not Duplicate) in the font, size, and location indicated in Exhibit A to Defendant's Request for Reconsideration on all CCW applications and related confidential documents.

Plaintiffs may move for disclosure of any information obscured by the watermark in the unlikely event it should occur.

### 6. Plaintiffs' Interrogatory Eight

Defendants also request the Court reconsider that portion of the Magistrate Judge's order that requires Defendants to respond to Plaintiffs' Interrogatory Eight ("Interrogatory Eight"). Defendants object to Interrogatory Eight on ground that answering would involve comparing the information on 3000 applications for CCWs, an unknown number of personnel records of Sheriff's Department volunteers and reservists, and approximately 800 pages of campaign contribution documents. Defendants correctly point out that the Federal Rules of Civil Procedure provide that a party subject to such a request is not required to perform compilation of data or statistics where the answers are within documents provided and the propounding party is equally able to make such a compilation. FRCP 33(d). However, Defendants are required to answer based upon personal knowledge and that information which is available to them. FRCP 33(a). Moreover, Plaintiffs point out that several parts of Interrogatory Eight request information that is not contained in any documents that have been produced to Plaintiffs, such as unreported campaign loans that were subsequently forgiven and names of persons who formerly held the position of Honorary Deputy Sheriff.

▇ For the sake of clarity and to avoid further needless waste of the Court's time, Defendants' response to Interrogatory Eight shall comply with the following mandates of Federal Rule of Civil Procedure 33:(1) Defendant Blanas is to answer all of the sub-parts of Interrogatory Eight to the best of his personal knowledge; (2) where the information sought by Interrogatory Eight is known to employees of the Sheriff's Department, contained within files maintained by the Sheriff's Department, or is otherwise available to Defendants, they shall locate and disclose the information; (3) where the information sought by Interrogatory Eight is contained in records produced to the Plaintiffs and the answer requires compilation that would be equally burdensome to either party, Defendants shall so state and shall specify which documents contain the information.

### 7. Request for Document Twenty–Eight

Defendants last request reconsideration of those portions of the Magistrate Judge's Order that require Defendants to produce the disciplinary records of the deputy sheriffs involved in arresting a CCW holder and political donor. The material is to be produced pursuant to a protective order to be proposed by the parties. Defendants argue that discovery of the material contained within the files invades the privacy rights of the non-litigant deputies involved and is over-broad because it seeks information not relevant to the litigation.

Because the relevance inquiry will shape the interests involved in the discovery, the Court will begin with the relevance of the material requested.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle,* 147 F.3d 802, 812 (9th Cir.1998); *See Hickman v. Taylor,* 329 U.S. 495, 504–507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). To prove their claim under 42 U.S.C. § 1983, Plaintiffs seek to establish a constitutional violation pursuant to a longstanding practice or custom. *See Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996). Specifically, Plaintiffs seek to prove that there has been a longstanding practice of issuing CCWs to political donors and denying them to deserving persons who did not contribute to the Craig, Blanas, and McGinnis campaigns.

Plaintiffs have produced a Sheriff's Department report of the arrest of James Colafrancesco ("the Report") for the rude or threatening display of a firearm. Pls.' Ex. F. The Report indicates that during the course of the arrest, deputies discovered that Mr. Colafrancesco possessed an official "Honorary Deputy" badge, a Sacramento County Sheriff's Department identification card signed by Sheriff Glenn Craig, and CCW signed by Sheriff Craig. Pls.' Ex. F at 2–4. Upon inquiry as to why he possessed the credentials and CCW, Colafrancesco indicated that they were given to him in return for his status as a "major contributor of Lou Blanas and Glen Craig." Pls.' Ex. F at 2, 4. Colafrancesco indicated that his occupation was contractor and claimed no law enforcement duties related to his possession of offi-

cial Sheriff's Department identification, badge, and CCW.

Throughout the detention and arrest, Colafrancesco requested the arresting Deputy contact Undersheriff Blanas and other high ranking Sheriff's Department officials to, "sweep this under the rug." Pl.'s Ex. F at 4. In an act of even-handed enforcement without fear or favor, the deputy refused to contact high ranking officials within his own department to solicit their interference, despite Colafrancesco's alleged political connections to Blanas and Craig. *Id.* According to Plaintiffs, rather than praise the deputy for his scrupulous adherence to his oath, Defendants immediately transferred him to a much less desirable position guarding low-security inmates at the Rio Cosumnes Correctional Center in Elk Grove. Pls.' Opp'n at 44. Plaintiffs contend that the disciplinary transfer was in retaliation for the deputy's failure to give appropriate deference to a political donor to Blanas and Craig. *Id.*

■■ The material sought to be discovered pursuant to Request for Document Twenty–Eight is relevant to this claim in several ways: (1) Defendants' alleged disciplinary transfer of the deputy involved and any other subsequent adverse employment action lends further weight to Colafrancesco's revelations of political corruption and *quid pro quo* issuance of CCWs and official Sheriff's Department identification and badges; (2) Defendants' disciplinary transfer of the deputy supports Colafranceso's claim that Blanas and other high-ranking Sheriff's Department officials allegedly knew of and were involved in the corruption.

It demonstrates that they actively worked to conceal the corruption by punishing subordinates who took actions that negatively affected Defendants' ability to continue and conceal the corruption. The material is highly relevant to Plaintiffs' claims of a longstanding practice of *quid pro quo* issuance of CCWs to political donors to the Craig, Blanas, and McGinnis campaigns in violation of the Fourteenth Amendment to the United States Constitution.

Having found the material at issue highly relevant to the core of Plaintiffs claim, the Court now turns to the question of confidentiality.

> Federal common law recognizes a qualified privilege for official information. Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.

*Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033–34 (9th Cir.1990) (internal citations omitted).

As in *Sanchez,* Plaintiffs seek discovery of information contained in the law enforcement personnel files of persons not parties to the instant litigation. As described above, the Plaintiffs have a substantial interest in discovery of this information. Discovery of this information also implicates the interests of all citizens: exposing and ending political corruption by the elected leaders of local law enforcement is in the interest of everyone living in Sacramento County.

Defendants point out that the deputy in question is a non-litigant with a weighty privacy interest in avoiding disclosure of his confidential personnel records.

Defendants correctly point out that California Penal Code section 832.7, California Evidence Code section 1043, and 5 U.S.C. § 552(b) (6) all demonstrate the legitimacy of non-litigants' interest in maintaining the privacy of personnel records which include personal information about the non-litigant that is unrelated to this case. The Ninth Circuit has also recognized this important interest, specifically in the context of law enforcement personnel files. *Sanchez,* 936 F.2d at 1033.

Balancing the potential benefits of disclosure against the potential disadvantages, the disadvantages are outweighed, particularly in light of the Court's ability, as discussed below, to craft a protective order that can minimize the impact on the non-litigants' interests. Accordingly, the information is not privileged and is discoverable.

As with the private law enforcement and judicial information discussed in section 2 of this Order, the contents of law enforcement

personnel files may include the home address, social security number, and other information that could subject the deputy or his family to a retaliatory attack at his residence. Additionally, the files may contain financial, medical, and other information about the deputy that is private, potentially embarrassing, and not relevant to this litigation. Disclosure of those materials to the public would constitute a specific harm to the non-litigant if this information is disclosed to the public. Accordingly, the Court must balance the public and private interests to determine if a protective order is necessary.

As mentioned above, the public interest in this case is weighty. Revelation and eradication of public corruption is an absolute necessity in a free society. However, as explored above, the non-litigant's interest in privacy and security is also strong. Balancing the interests involved, the Court finds a protective order is necessary in order to accommodate both of these important interests.

Defendants are hereby ordered to produce, for *in camera* review, all personnel records relating to the deputy or deputies involved in the Colafrancesco incident. The Magistrate Judge can then determine what portions of the personnel records are relevant to this action and thus discoverable, and what portions are irrelevant or include confidential personal information that is not to be released to Plaintiffs or their counsel.

### CONCLUSION

For the reasons set for above the Defendants Motion for Reconsideration is granted.

IT IS SO ORDERED.